Darrell Palmer (SBN 125147)
darrell.palmer@palmerlegalteam.com
Law Offices of Darrell Palmer
603 North Highway 101, Ste A
Solana Beach, California 92075
Telephone: (858) 792-5600
Facsimile: (858) 792-5655

Attorney for Plaintiff Ramona Gonzalez

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMONA GONZALEZ, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JP MORGAN CHASE<br><br>Defendant. | Case No.<br><br>CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 ET SEQ. (TELEPHONE CONSUMER PROTECTION ACT) |

Plaintiff RAMONA GONZALEZ (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief as follows:

**I. NATURE OF ACTION**

1. Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of JP MORGAN CHASE (hereinafter referred to as "CHASE" or "Defendant") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone without his prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA").

2. CHASE is a NEW YORK CITY corporation that maintains its headquarters at 270 Park Avenue, New York, New York. CHASE is a national banking institution that provides various types of loans including the providing of credit card obligations. Based upon a review of CHASE offices and total collections base, the Plaintiff avers that the company is responsible for managing over $100 million a year in receivable accounts.

## II. JURISDICTION AND VENUE

3. This matter in controversy exceeds $5,000,000, as each member of the proposed Class of tens of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §1332(d)(2). Further, Plaintiff alleges a national class, which will result in at least one Class member belonging to a different state. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

4. Venue is proper in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b)-(c) and 1441(a), because Defendant is a corporation that is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this District are sufficient to subject it to personal jurisdiction. Venue is also proper in this District because Plaintiff has resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to the claims occurred in this District.

## III. PARTIES

5. Plaintiff is, and at all times mentioned herein was, an individual citizen of the State of California, who resides in Sacramento, California.

6. On information and belief, Plaintiff alleges that CHASE is, and at all times mentioned herein was, a corporation whose primary corporate address and headquarters are in Eden Prairie, Minnesota and that CHASE does substantial business throughout the country, including this District.

## IV. THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

7. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. §227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

9. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

10. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

## V. FACTUAL ALLEGATIONS

11. At all times relevant, Plaintiff was an individual residing in the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

12. Ramona Gonzalez opened a CHASE credit card account sometime before 2006. At the time she entered into the agreement, she did not have her current cellular phone number and did not provide it on the application.

13. Plaintiff did not list her cellular phone number in or on any other documents at any time during any transaction that resulted in a debt owed to CHASE, nor did she verbally provide her phone to or consent to any calls on her cellular phone by CHASE.

14. CHASE is, and at all times mentioned herein was, a corporation and a "person", as defined by 47 U.S.C. § 153(10).

15. Notwithstanding the fact Plaintiff did not provide CHASE with her cellular number, CHASE repeatedly contacted Plaintiff on Plaintiff's cellular telephone. Plaintiff received numerous calls on her cellular phone.

16. All telephone contact by CHASE to Plaintiff on her cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

17. The telephone calls placed by CHASE to Plaintiff's cellular telephone via the automatic telephone dialing system used "an artificial or prerecorded voice" as described in 47 U.S.C. §227(b)(1)(A).

18. The telephone number that CHASE used to contact Plaintiff, with a "prerecorded voice" made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

19. The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. "During the transaction that resulted in the debt owed," Plaintiff did not provide her wireless number to CHASE nor otherwise provide express consent to receive prerecorded calls by CHASE on Plaintiff's cellular telephone.

21. Plaintiff did not provide "express consent" allowing CHASE to place telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

22. CHASE did not make telephone calls to Plaintiff's cellular phone "for emergency purposes" utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," as described in 47 U.S.C. § 227(b)(1)(A).

23. CHASE'S telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. §227(b)(1)(A).

24. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on CHASE to demonstrate that Plaintiff provided express consent within the meaning of the statute, because it is the best entity to determine how numbers were attained.

## VI. CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated (hereinafter referred to as "the Class").

26. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons within the United States who, on or after December 27, 2006, received a non-emergency telephone call from CHASE to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls

during the transaction that resulted in the debt owed. Collectively, all these persons will be referred to as "Plaintiffs" or "Class members." Plaintiff represents, and is a member of, the Class. Excluded from the Class are CHASE and any entities in which CHASE has a controlling interest, CHASE's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

27. Plaintiff does not know the exact number of members in the Class, but based upon the representations of CHASE, Plaintiff reasonably believes that Class members number at minimum in the tens of thousands.

28. Plaintiff and all members of the Class have been harmed by the acts of CHASE.

29. This Class Action Complaint seeks money damages and injunctive relief.

30. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by CHASE.

31. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions, which may affect individual Class members. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether, beginning on December 27, 2006, CHASE made nonemergency calls to Plaintiff and Class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

    b. Whether CHASE can meet its burden of showing it obtained prior express consent (i.e., consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

    c. Whether CHASE's conduct was knowing and/or willful;

        d. Whether CHASE is liable for damages, and the amount of such damages; and

        e. Whether CHASE should be enjoined from engaging in such conduct in the future.

32. As a person who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without her prior express consent within the meaning of the TCPA, Plaintiff asserts claims that are typical of each Class member. Plaintiff will fairly and adequately represent and protect the interests of the Class, and she has no interests which are antagonistic to any member of the Class.

33. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

34. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel CHASE to comply with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against CHASE is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

35. CHASE has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

///

### VII. CAUSES OF ACTION FIRST COUNT NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

36.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

37.     The foregoing acts and omissions of CHASE constitute numerous and multiple negligent violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 et seq.

38.     As a result of CHASE's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

39.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting CHASE's violation of the TCPA in the future.

40.     Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

### VIII. SECOND COUNT KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.

41.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

42.     The foregoing acts and omissions of CHASE constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 et seq.

43.     As a result of CHASE's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and each member of the Class is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

44. Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by CHASE in the future.

45. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against Defendant:

A. As a result of CHASE's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

B. As a result of CHASE's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

C. Injunctive relief prohibiting such violations of the TCPA by CHASE in the future;

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

E. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

F. Such other relief as the Court deems just and proper.

Dated:   March 22, 2011                     By: ____/s/ Darrell Palmer_____
                                                  Darrell Palmer
                                                  Attorney for Plaintiff Ramona Gonzalez